IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LEONARD WAYNE KITT,           §
TDCJ NO. 655955,              §
                             §
          Plaintiff,          §
                             §
v.                            §          CIVIL ACTION NO. H-14-0368
                             §
TRACY H. BAILEY, et al.,      §
                             §
          Defendants.         §

## MEMORANDUM OPINION AND ORDER

Pending before this court is a Complaint Under the Civil
Rights Act, 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1)
filed by Leonard Wayne Kitt, an inmate of the Texas Department of
Criminal Justice (TDCJ), against TDCJ employees in their individual
and official capacities.  Defendants have filed two motions to
dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure.  The court will grant the motion to dismiss filed by
Defendant Gwynne Fincher (Docket Entry No. 18) and will grant in
part the motion to dismiss filed by Defendants Andrew Allen,
David W. Allmon, Tracy Bailey, Lakeisha L. Cooper, Kristy C.
Cooper, Henry L. Ford, Billy McCreary, and Jody L. Vincent (Docket
Entry No. 22).

## I.  Claims and Arguments

### A.  Kitt's Allegations and Claims

The claims and allegations are set forth in the original
Complaint (Docket Entry No. 1) supplemented by Kitt's response to

the court's order for more definite statement.   (Docket Entry
No. 7)   Kitt claims that Lieutenant Billy A. McCreary, Jr., a TDCJ
official, used gas to assault him.   Kitt contends that the assault
was without provocation and that he suffered bodily injuries as a
result of the assault.

Kitt names the following other TDCJ officials as defendants in
his Complaint:   Warden Tracy H. Bailey, Captain Jody L. Vincent,
Correctional Officer ("CO") Lakeisha Cooper ("L. Cooper"), CO
Kristy C. Cooper ("K. Cooper"), LVN Gwynne Fincher[1], Lieutenant
Andrew L. Allen, CO Henry L. Ford, III, CO David W. Allmon, and
other unnamed supervisory officials.   Kitt claims that the other
TDCJ officials are liable because they either:   failed to supervise
McCreary; were in some sort of conspiracy with McCreary; or failed
to take any action to remedy McCreary's conduct.   Kitt seeks
$2,000,000 in damages, $2,000,000 in compensation, and $4,000,000
in exemplary damages plus pre-judgment and post-judgment interest.

The alleged assault occurred at the TDCJ Estelle Unit on
October 30, 2013.   Kitt states that he was waiting in line with
other inmates for his turn to take a shower when Defendant Captain
Vincent approached him and told him he was out of place.   (Docket
Entry No. 7, p. 16)   When Kitt insisted he had a right to take a
shower because he worked in the kitchen, Captain Vincent moved him

---

[1]Kitt identifies Fincher as "LVN Ms. Fincher."   (Docket Entry
No. 7, p. 3)   For the sake of clarity, the court will refer to the
defendant as Nurse Fincher.

-2-

to a shower stall in the A-line while he verified Kitt's story. Approximately fifteen minutes later, Captain Vincent ordered Kitt's release after confirming that Kitt was a kitchen worker who was authorized to take a shower.  Id.

Captain Vincent's orders to release Kitt to take a shower was conveyed to Defendant CO David W. Allmon who in turn informed Defendant CO K. Cooper that Kitt should be released.  (Docket Entry No. 16, p. 16)  Kitt alleges that instead of releasing him K. Cooper went into the stall where Kitt was being held and ordered him to submit to handcuffs or suffer the consequences.  Id.  Kitt, believing he had done nothing wrong, refused to comply and protested that he was supposed to be released.  K. Cooper summoned Lieutenant McCreary who arrived wearing a gas mask and carrying a large cannister of gas.  Id.

Kitt alleges that Lt. McCreary shouted something at him that he could not understand because McCreary was wearing the gas mask. Id. at 17.  He states that he did not want to have his hands cuffed because guards routinely assault inmates in small shower stalls like the one in which he was confined.  When Kitt refused to submit, McCreary allegedly sprayed his face, head, and body with gas although Kitt made no threatening moves, gestures, or statements.  (Docket Entry No. 7, p. 17)  Kitt alleges that Lt. McCreary continued to spray him after he collapsed to the floor showing no resistance and making no movement other than to shield himself from the gas.

-3-

Kitt alleges that a video record of the incident substantiates his allegation that Lt. McCreary took no reasonable steps to lessen his use of force after it was apparent that Kitt was incapacitated. Id. He also states that the video record will show that he did not do anything that could be interpreted as a threat. Kitt complains that he suffered skin, nose, throat, and sinus irritations and burns as a result of the gas attack. (Docket Entry No. 7, p. 18) He also states that he experienced coughing, nasal drip, tightness in the chest, and difficulty breathing. Kitt alleges that he suffered a heart attack approximately three or four weeks before the incident and that a stint was implanted in his right coronary artery. Id. He states that he now takes atorvastatin (Lipitor), nitroglycerin, clopiddogrel (Plavix), and aspirin for his heart. He also states that he has been treated for Hodgkins lymphoma. Kitt claims that his medical restrictions clearly prohibit exposure to environmental pollutants, including chemicals and irritants.[2] Id.

Kitt states that Nurse Fincher treated him after the assault. Id. at 18. He asserts that an EKG was administered and he was given nitroglycerin for chest pain. Kitt states that he was prescribed Benadryl for a runny nose. Kitt admits that his

---

[2]Kitt submitted a copy of his TDCJ Health Summary for Classification, which lists his work assignment restrictions. (Docket Entry No. 1-2) Among the restrictions are: "No exposure to environmental pollutants" and "No work with chemicals or irritants."

condition was fair at the time he submitted his more definite statement to the court.  (Docket Entry No. 7, p. 19)

Kitt argues that the assault was unprovoked and excessive because he did not resist or present a threat to anyone.  (Docket Entry No. 7, pp. 15, 17)  In support of this argument, he points out that he was not disciplined or charged with any prison rules infraction arising out of the incident.  Id.  He complains that his due process rights were violated because he did not have an opportunity to be heard by a disciplinary officer regarding the use of force against him.  Id. at 19.

Kitt contends that Warden Bailey is liable because she failed to supervise her subordinates or ensure that they were adequately trained.  (Docket Entry No. 1, p. 3)  He argues that Captain Vincent is liable because he ordered his subordinates to lock up Kitt.  Id.  Kitt contends that L. Cooper is liable because she attempted to handcuff Kitt after Capt. Vincent said to release him. Id.  Kitt also faults L. Cooper for calling for help when he refused to submit to cuffing.  Id.

Kitt names CO K. Cooper and CO Allmon as defendants because they were aware that Capt. Vincent had ordered Kitt's release and did nothing to prevent the use of force although they knew it was unjustified.  (Docket Entry No. 7, pp. 8, 11)  Kitt further complains that he was denied due process when K. Cooper failed to charge him with a disciplinary offense thereby denying him the right to a hearing on the incident.  Id. at 8.

-5-

Kitt contends that CO Ford is also liable because he failed to take any action to prevent the use of force despite the fact that he witnessed the assault.  (Docket Entry No. 7, p. 10)  Kitt also complains that Ford denied Kitt his right to due process and did not allow him to have a hearing with assistance from a counsel substitute.  Id.

Kitt asserts that Nurse Fincher is a necessary party to the action because she witnessed his suffering from the effects of the gas and was aware of his condition.  (Docket Entry No. 7, p. 12) He also claims that Fincher knew that no clearance had been given for the use of gas and that the use of force was unauthorized and unjustified.  Id.  Kitt contends that Fincher is liable for failing to take any action to rectify the situation and that she was complicit in the actions to deny Kitt a hearing.  Id.

Kitt alleges that Lt. Allen participated in the conspiracy to cover up the unnecessary use of force.  Id. at 13.  Kitt alleges that Lt. Allen assisted in placing Kitt on a stretcher after he was gassed.  Kitt contends that Allen is liable because he knew about the civil rights violation but failed to take any action to remedy it.  He claims that Lt. Allen failed to make a disciplinary report and thereby denied Kitt the right to a hearing.  Id.

In summary, Kitt claims that he is entitled to monetary compensation after a TDCJ official used excessive force against him, which he did not provoke.  Kitt also claims that other officials are liable because they did nothing to temper the assault, and they

-6-

denied him the right to a hearing and other administrative remedies
to challenge the alleged use of excessive force.

**B.    The Defendants' Response and Arguments**

Defendants have responded that Kitt has failed to assert a
claim against them and that they are entitled to a dismissal for
lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of
the Federal Rules of Civil Procedure and for failure to state a
claim upon which relief may be granted pursuant to Fed. R. Civ. P.
12(b)(6).  Defendants argue that all claims brought against them in
their official capacities must be dismissed for lack of subject
matter jurisdiction because as state officials they are immune from
suits for damages under the Eleventh Amendment of the Constitution.

Defendants Allen, Allmon, Bailey, L. Cooper, K. Cooper, Ford,
McCreary, and Vincent contend in their motion (Docket Entry No. 22)
that claims against Bailey, Vincent, L. Cooper, K. Cooper, and
Allen should be dismissed because Kitt has failed to articulate
facts that show that each of the named defendants participated in
the alleged wrong.  Defendants further argue that Kitt has only
alleged that Bailey and Vincent had a supervisory role in the
alleged deprivations and that there is no causal connection between
their conduct and the actions that are alleged to be a constitu-
tional violation.  They contend that there is no indication that
Bailey or Vincent were personally involved in the incident or
authorized the use of gas.  They therefore argue that the claims

-7-

against defendants Bailey and Vincent should be dismissed for lack
of personal involvement.

In her motion to dismiss (Docket Entry No. 18), Defendant
Fincher contends that Kitt fails to demonstrate that she was
personally involved with the alleged excessive use of force.
Fincher notes that Kitt has named her because she is an
"essential/necessary witness" regarding the injuries he suffered as
a result of the alleged assault. See Docket Entry No. 7, p. 11.
Fincher asserts that Kitt never alleged that she used force against
him or knew of any harm at the time it occurred. Kitt merely
alleges that her testimony is "critically important" to the case.
Id.

Defendants argue that the claims against Allmon and Ford
should be dismissed because Kitt only asserts that they were
present when McCreary allegedly assaulted him. (Docket Entry
No. 22) They assert that Kitt is claiming that they are liable
under a theory of bystander liability. Defendants assert qualified
immunity and contend that there are no facts presented that show
Allmon and Ford knew the use of force was improper and that their
failure to intervene was unlawful. They contend that Allmon and
Ford's actions were objectively reasonable in light of clearly
established law.

Defendants argue that the claims regarding the failure of
K. Cooper, L. Cooper, and Allen to write up a disciplinary case
should be dismissed because Kitt had no right to receive a

-8-

disciplinary case or the right to receive a particular remedy in response to a perceived violation. They contend that Kitt's arguments are conclusory and that he has failed to state how their actions proximately caused his injuries. Defendants assert that Kitt has failed to state a plausible claim for relief against K. Cooper, L. Cooper, and Allen.

Defendants also argue that Kitt's allegations of collusion or conspiracy to cover up the use of force are unsupported by any facts. They further argue that claim is legally baseless because the alleged conspirators are members of the same government entity.

Finally, Defendants argue that Lt. McCreary is entitled to qualified immunity and the claims against him should be dismissed because Kitt has not alleged facts that establish that the force used by McCreary was applied maliciously and sadistically to cause harm as opposed to being used in a good faith effort to maintain or restore discipline. Defendants point to Kitt's admission that he refused to submit to hand restraints multiple times before McCreary used gas to subdue him. Defendants contend that McCreary reasonably perceived that it was necessary to use the gas in light of the threat presented by Kitt.

## II. **Analysis**

### A. **Standards**

Defendants contend that this action should be dismissed because Kitt has failed to state a claim upon which relief can be

granted.   Fed. R. Civ. P. 12(b)(6).   Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and should be granted only if it is evident that the plaintiff cannot prove any facts entitling him to relief.   <u>Turner v. Pleasant</u>, 663 F.3d 770, 775 (5th Cir. 2011), <u>citing</u> <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007); <u>Harrington v. State Farm Fire & Cas. Co.</u>, 563 F.3d 141, 147 (5th Cir. 2009).   In determining whether the plaintiff has stated a claim upon which relief can be granted, a reviewing court must accept the well-pleaded facts alleged in the complaint as true and construe the allegations in the light most favorable to the plaintiff.   <u>Turner</u>, 663 F.3d at 775.   In reviewing the pleadings, the court liberally construes the allegations of a <u>pro se</u> complaint.   <u>Haines v. Kerner</u>, 92 S. Ct. 594 (1972).

Defendants also assert the defense of lack of subject matter jurisdiction.   Fed. R. Civ. P. 12(b)(1).   When this challenge is raised the trial court may resolve factual disputes to satisfy itself that it has jurisdiction.   <u>Montez v. Department of Navy</u>, 392 F.3d 147, 149-150 (5th Cir. 2004), citing <u>Land v. Dollar</u>, 330 U.S. 731, 735 & n.4 (1947).   "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone;  (2) the complaint supplemented by undisputed facts;  or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."   <u>Id.</u>, <u>citing</u> <u>Robinson v. TCI/US West Communications Inc.</u>, 117 F.3d 900, 904 (5th Cir. 1997).

-10-

**B.   Official Capacity Claims**

Kitt sues the defendants in both their individual and supervisory capacities.  A suit against state officials in their official capacities is a suit against the state.  <u>See</u> <u>Hafer v. Melo</u>, 112 S. Ct. 358, 361 (1991); <u>see also</u> <u>Will v. Mich. Dep't of State Police</u>, 109 S. Ct. 2304, 2312 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  [citation omitted]  As such, it is no different from a suit against the State itself.").  Neither a state nor its employees acting in their official capacities are "persons" who can be sued for damages under 42 U.S.C. § 1983.  <u>Id.</u>  In some instances state officials may be sued in their official capacities for injunctive relief.  <u>Meza v. Livingston</u>, 607 F.3d 392, 412 (5th Cir. 2010), <u>citing</u> <u>Ex parte Young</u>, 28 S. Ct. 441 (1908).  In this action, however, Kitt seeks only monetary compensation and not relief that implicates a departmental policy change.  Therefore, Kitt's damages claims against the defendants in their official capacities will be dismissed because the Eleventh Amendment bars suits for money damages from TDCJ officers in their official capacities.  <u>Oliver v. Scott</u>, 276 F.3d 736, 742 (5th Cir. 2002).

**C.   Individual Capacity Claims**

"To state a claim under 42 U.S.C. § 1983, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or

-11-

laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" <u>Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys</u>, 675 F.3d 849, 854-55 (5th Cir. 2012)<i>,</i> <u>quoting</u> <u>James v. Tex. Collin Cnty.</u><i>,</i> 535 F.3d 365, 373 (5th Cir. 2008).  The plaintiff must also show that the individuals alleged to have committed the constitutional violation were personally involved in the act or omission or their acts are causally connected to the violation. <u>Anderson v. Pasadena Independent School Dist.</u>, 184 F.3d 439, 443 (5th Cir. 1999).

1.   <u>The Assault</u>

The primary focus of Kitt's Complaint is the alleged assault. In considering a use of excessive force claim, courts generally must consider a number of factors including "the extent of injury suffered," "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" <u>Kitchen v. Dallas County, Tex.</u>, 759 F.3d 468, 477 (5th Cir. 2014), quoting <u>Hudson v. McMillian</u>, 112 S. Ct. 995, 999 (1992), quoting <u>Whitley v. Albers</u>, 106 S. Ct. 1078, 1085 (1986).

With the exception of Lt. McCreary, all of the defendants named by Kitt had no direct involvement in the alleged assault. Kitt specifically argues that Warden Bailey and Captain Vincent are

-12-

responsible for the acts of their subordinates.   The doctrine of respondeat superior does not apply in civil rights actions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009); Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir. 1998); Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996).   The plaintiff must show that the defendants' own actions violated the Constitution.   Iqbal, 129 S. Ct. at 1948.   Warden Bailey's only connection with the incidents in question is her supervisory position at the prison unit where they occurred.   Kitt does not identify any policy or practice traceable to Warden Bailey that resulted in the alleged assault. Because the facts asserted by Kitt fail to demonstrate that Bailey can be held liable for the assault, she is entitled to be dismissed from this action.   See Rios v. City of Del Rio, 444 F.3d 417, 425 (5th Cir. 2006), citing Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Similarly, Kitt has failed to assert facts that indicate that Captain Vincent was involved in the assault.   Like Warden Bailey, Captain Vincent is a supervisory official although Captain Vincent did have some contact with Kitt on the date he was gassed by McCreary.   However, Captain Vincent's only involvement was in verifying Kitt's claim that he was authorized to take a shower, and Captain Vincent ordered Kitt's release when he found out that Kitt was telling the truth.   Like Warden Bailey, Captain Vincent cannot be held liable for the acts of his subordinates, and he is entitled

-13-

to dismissal as to the claims of excessive use of force. Iqbal, 129 S. Ct. at 1948; Rios, 444 F.3d at 425.

Kitt alleges that Nurse Fincher is liable because she treated his wounds and witnessed the extent of his injuries. There is no allegation in Kitt's Complaint that he was denied medical attention. There is no allegation that Nurse Fincher participated in the attack or was even aware of it. She is therefore entitled to be dismissed for lack of personal involvement. Winfrey v. San Jacinto County, 481 F. App'x 969, 976 n.6 (5th Cir. 2012), citing Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Like Nurse Fincher, there is no allegation indicating that Lt. Allen had any involvement in the assault other than his assistance in placing Kitt on a stretcher after he was gassed. There is no basis for finding Lt. Allen liable for the assault because there is no indication that he participated in it.

Kitt's claims against CO K. Cooper, CO Allmon, and CO Ford have no basis because he fails to assert any facts indicating that they had any involvement in the direct assault. At the most, Kitt alleges that the three officers witnessed Lt. McCreary using what may have appeared to be an excessive use of force. Kitt does not suggest that they aided, abetted, or encouraged McCreary's efforts in subduing him. The other officers cannot be held liable for merely witnessing an incident where there is no indication that they actually participated in McCreary's use of force against Kitt or that they could have taken any action to prevent it. Thompson

-14-

v. Johnson, 348 F. App'x 919, 922 (5th Cir. 2009). Therefore, Andrew Allen, David W. Allmon, Tracy Bailey, Lakeisha L. Cooper, Kristy C. Cooper, Henry L. Ford, and Jody L. Vincent are entitled to dismissal of the claims against them regarding the alleged physical assault by McCreary because Kitt has not presented any causal link between their actions and McCreary's alleged violations. See Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011).

The only defendant who is alleged to have actually committed the assault is Lt. McCreary. Defendants argue that McCreary is entitled to qualified immunity because Kitt has not established facts which show that McCreary used force maliciously and sadistically to harm Kitt. A government official is entitled to qualified immunity if he can show that his actions were objectively reasonable and that he did not violate a clearly established right. Zarnow v. City of Wichita Falls, Tex., 500 F.3d 401, 408 (5th Cir. 2007). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Lytle v. Bexar Cnty., Tex., 560 F.3d 404, 410 (5th Cir. 2009).

Defendants note that Kitt has admitted that he refused to obey orders to submit to hand restraints, and argue that guards are authorized to use reasonable force to maintain order. Baldwin v. Stalder, 137 F.3d 836, 840 (5th Cir. 1998). However, Kitt asserts that his TDCJ medical records required that clearance be given

-15-

before anyone could use gas on him and that he collapsed
immediately after being gassed.   He further alleges that he
presented no threat and that McCreary continued to gas him after he
collapsed.   Gas may be used against a prisoner who is creating a
disturbance or is otherwise presenting a threat to the peace and
safety of a penal institution.   Id.   A brief application of gas is
justified to subdue a prisoner who may be behaving in a manner that
suggests violence.   Id.; see also Tolan v. Cotton, 713 F.3d 299,
308 (5th Cir. 2013) (arrestee was shot during tense confrontation
with officers and parents).   Courts are mindful that law
enforcement officers as well as those working in corrections are
often faced with difficult situations involving split second
decisions.   Id.   But courts, including the United States Court of
Appeals for the Fifth Circuit, have held that the use of physical
violence against a subdued and submissive inmate is a constitu-
tional violation.   Kitchen, 759 F.3d at 479.   Moreover, a custodial
officer should know that he must temper his use of force against an
inmate who offers no resistance.   Id., citing Bush v. Strain, 513
F.3d 492, 502 (5th Cir. 2008).

Kitt asserts that Lt. McCreary continued to use gas against
him after he collapsed to the floor and claims that a video
recording of the incident was made that will verify his
allegations. (Docket Entry No. 7, p. 17) Defendants' response to
Kitt's motion for summary judgment refers to exhibits that indicate
the existence of an electronic record of the incident.   (Docket

-16-

Entry No. 61-1, p. 35: image of DVD; Docket Entry No. 34: Defendants' Disclosures [listing DVD of incident]). Given the factual disputes in the pleadings, which the court cannot resolve in ruling on a motion to dismiss, the motion to dismiss by Lt. McCreary will be denied. Lt. McCreary may file a motion for summary judgment supported by relevant records including any video or audio recordings of the incident in question. McCreary shall submit his dispositive motion within thirty (30) days from the entry of this Memorandum Opinion and Order.

### 2. Conspiracy and Denial of Due Process

Kitt complains that the defendants conspired to deny him due process by failing to file charges against him. Kitt argues that he was denied the right to a hearing regarding the assault and whether Lt. McCreary's actions were justified. Kitt's objection to being denied a hearing fails to assert a civil rights violation. Prisoners do not have a right to favorable administrative relief. Morris v. Cross, 476 F. App'x 783, 785 (5th Cir. 2012), citing Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). Nor do prisoners have an actionable claim against prison officials who deny procedural due process in administrative actions unless it is shown that the actions impose "atypical and significant hardships" on the prisoners. Sandin v. Conner, 15 S. Ct. 2293, 2300 (1995); Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Kitt has failed to assert that the denial of a disciplinary hearing has

-17-

deprived him of any constitutional right. Therefore, this claim will be dismissed with regard to all defendants.

Kitt also makes general allegations that the defendants were involved in a conspiracy to deny his rights to due process. In pleading a conspiracy the plaintiff must allege that the defendants agreed to commit an illegal act. <u>Arsenaux v. Roberts</u>, 726 F.2d 1022, 1024 (5th Cir. 1982). Injury is a required element of conspiracy. <u>Hilliard v. Ferguson</u>, 30 F.3d 649, 652 (5th Cir. 1994). Conclusory allegations do not support a claim of conspiracy. <u>Behrens v. Pelletier</u>, 516 U.S. 299, 304, 116 S. Ct. 834, 838, 133 L.Ed.2d 773 (1996) ("nebulous theories of conspiracy" are insufficient to support a finding of a conspiracy); <u>Babb v. Dorman</u>, 33 F.3d 472, 476 (5th Cir. 1994); <u>see also Priester v. Lowndes County</u>, 354 F.3d 414, 423 n.9 (5th Cir. 2004). Kitt's unsupported claims of conspiracy will be dismissed with regard to all defendants. <u>Id.</u>

### III.   **Plaintiff's Motions**

Kitt has filed twenty motions making numerous requests ranging from court-appointed counsel to default judgment. The court makes the following rulings:

### A.   **Discovery**

Kitt has filed four motions for discovery and production of documents. (Docket Entry Nos. 24, 26, 41, and 42) Kitt's discovery requests cover a broad range of evidence including any

-18-

reports and written statements relevant to the incident in question and all of Kitt's medical records generated in TDCJ since his date of incarceration.  See Docket Entry No. 24.  He also seeks records that he contends support his claim that he was wrongly denied access to a disciplinary tribunal.  See Docket Entry No. 42.  Kitt has also filed various motions opposing the defendants' disclosures and their requests for protective orders.  (Docket Entry Nos. 40, 46, 48, 49, and 50)

The defendants have asserted the defense of qualified immunity.  Qualified immunity "is an immunity from suit rather than a mere defense to liability," and discovery should be limited when this defense is raised.  Curtis v. Anthony, 710 F.3d 587, 594 (5th Cir. 2013) citing Mitchell v. Forsyth, 105 S. Ct. 2806 (1985). Having found that most of Kitt's claims have no basis and should be dismissed, the court has directed Lt. McCreary to address the remaining issue by submitting evidence to support a motion for summary judgment regarding the alleged assault.  The court has therefore eliminated the need for production of records that are not relevant to the alleged assault.  Moreover, the Defendants have produced records dealing with the October 30, 2013, use-of-force incident (See Docket Entry No. 61-1.).  Kitt's motions (Docket Entry Nos. 24, 26, 40, 41, 42, 46, 48, 49, and 50) will therefore be denied.  McFaul v. Valenzuela, 684 F.3d 564, 580 (5th Cir. 2012).

**B.   Motions Opposing Defendants' Motions to Dismiss**

Kitt has filed several motions (Docket Entry Nos. 29, 37, and 38) in which he seeks to oppose the defendant's motions to dismiss his Complaint.   In his first motion (Docket Entry No. 29) Kitt contends that his Complaint has been misread regarding Nurse Fincher's role in the incident.   Kitt argues that Fincher is liable because she had a duty to advise the custodial officers of any medical condition which may affect the mode and manner of force used against him.   The court has reviewed the pleadings and determined that Nurse Fincher took no active role in the alleged assault and therefore was entitled to be dismissed from this action.

In his second motion (Docket Entry No. 37), Kitt reiterates his allegations that he was subjected to unnecessary force and that his health records forbid the use of chemical agents against him without first consulting with a health official.   In his third motion (Docket Entry No. 38), Kitt argues that the use of gas was unnecessary because he was not resisting at the time and that gas was used on him after he collapsed.   The court has found that Kitt's pleadings allege that Lt. McCreary used gas to subdue Kitt without seeking authorization and that he continued to use the gas after Kitt had collapsed and was offering no resistance.   The court has concluded that there were no allegations showing that any other officials took part in the assault.   The motions (Docket Entry Nos. 29, 37, and 38) will be denied.

## C.   Motions for Court-Appointed Counsel

Kitt has filed several motions seeking court-appointed counsel in this action.  (Docket Entry Nos. 25, 51, and 63)  Kitt asserts that he has limited education and legal training and that he needs assistance of counsel to conduct meaningful discovery.  He further contends that he has stated facts that demonstrate he has been subjected to the use of excessive force.  In general, plaintiffs do not have a right to court-appointed counsel in section 1983 actions.  Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989). The court finds that the circumstances in this proceeding do not warrant appointment of counsel.  See McFaul, 684 F.3d at 581, citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).  The court has liberally construed the plaintiff's submissions and will appoint counsel for trial if counsel's presence would serve the interests of justice.  The motions (Docket Entry Nos. 25, 51, and 63) will be denied.

## D.   Motions for Summary Judgment and Default Judgment

Kitt has filed two motions for summary judgment (Docket Entry Nos. 58 and 62) and a motion for default judgment (Docket Entry No. 55) in which he argues that he should be granted relief because his rights have been violated and the defendants have failed to comply with court orders.  Summary judgment is appropriate when the pleadings and evidence on file show that there is no genuine dispute of a material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); Celotex Corp.

-21-

v. Catrett, 106 S. Ct. 2548, 2552 (1986); McFaul v. Valenzuela, 684
F.3d 564, 571 (5th Cir. 2012).  A party seeking summary judgment
bears the initial burden of informing the district court of the
basis for the motion, and identifying those portions of the record
that demonstrate the absence of a genuine issue of material fact.
Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003); Littlefield v.
Forney Independent School Dist., 268 F.3d 275, 282 (5th Cir. 2001).
When determining whether a fact issue exists, the court views "'the
facts and the inferences to be drawn therefrom in the light most
favorable to the nonmoving party.'"  In re Kinkade, 707 F.3d 546,
548 (5th Cir. 2013), quoting Reaves Brokerage Co. v. Sunbelt
Fruit & Vegetable Co., 336 F.3d 410, 412 (5th Cir. 2003).  Kitt's
motions for summary judgment (Docket Entry Nos. 58 and 62) will be
denied because he has not presented evidence showing that the
defendants cannot carry their burden of proof at trial.

It is well established that "[a] party is not entitled to a
default judgment as a matter of right, even where the defendant is
technically in default."  Ganther v. Ingle, 75 F.3d 207, 212 (5th
Cir. 1996), citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir.
1977).  Kitt's motion for default judgment (Docket Entry No. 55)
has no merit and will be denied.

## IV.  Conclusion

The court **ORDERS** the following:

1.   The motion to dismiss filed by Defendant Gwynne
     Fincher (Docket Entry No. 18) is **GRANTED**.

2.    The motion to dismiss filed by Defendants Andrew
      Allen, David W. Allmon, Tracy Bailey, Lakeisha L.
      Cooper, Kristy C. Cooper, Henry L. Ford, Billy
      McCreary, and Jody L. Vincent (Docket Entry No. 22)
      is **GRANTED IN PART and DENIED IN PART**.

3.    All claims against Defendants Gwynne Fincher,
      Andrew Allen, David W. Allmon, Tracy Bailey,
      Lakeisha L. Cooper, Kristy C. Cooper, Henry L.
      Ford, and Jody L. Vincent are **DISMISSED WITH
      PREJUDICE**.

4.    All claims against Defendant McCreary in his
      official capacity are **DISMISSED WITH PREJUDICE**.

5.    All claims of conspiracy and denial of due process
      against Defendant McCreary are **DISMISSED WITH
      PREJUDICE**.

6.    The claim of use of excessive force against
      Defendant McCreary are **RETAINED** subject to further
      review subsequent to McCreary's submission of a
      motion for summary judgment supported by evidence.
      Defendant McCreary is **ORDERED** to submit his motion
      for summary judgment within thirty (30) days from
      the entry of this Memorandum Opinion and Order.

7.    Plaintiff Kitt's motions (Docket Entry Nos. 24, 25,
      26, 29, 37, 38, 40, 41, 42, 46, 48, 49, 50, 51, 55,
      58, 59, 62, and 63) are **DENIED**.

8.    Defendants' motion to stay the court's scheduling
      order (Docket Entry No. 53) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 10th day of April, 2015.

                              SIM LAKE
                    UNITED STATES DISTRICT JUDGE